SHORTESS, Judge.
Caroline L. Trosclair (Trosclair) and her husband, John B. Trosclair (collectively, plaintiffs), brought suit against them good friends and former neighbors, Catherine Blanchard (Blanchard) and her husband, Vincent Blanchard, and their homeowners insurer, State Farm Fire and Casualty Company (collectively, defendants), after Trosclair fell while entering the Blanchard home on February 20, 1990. After trial, the court rendered judgment in favor of defendants, dismissing plaintiffs’ suit. Plaintiffs appeal, contending the trial court was manifestly erroneous in finding the accident was caused solely by Trosclair’s negligence.
Trosclair and Blanchard had been good friends for ten years before this accident. They lived on the same street in Houma and visited each other almost daily until plaintiffs moved to Chatom, Alabama. After plaintiffs moved, they returned to Houma one or two weekends a month. While in Houma, plaintiffs stayed at the Blanchard home.
Blanchard kept three Pomeranians inside her home. To prevent them from going outside when the front door was opened, Blanchard installed an expanding gate in the doorway. The gate, which is 24 inches high, is the type used to protect toddlers from entering unsafe areas. The gate could be opened with a simple latch, but Blanchard preferred guests to step over it. Trosclair was very familiar with the gate and had safely negotiated the doorway with the gate in place many times before the accident.
On the day of the accident, Trosclair had driven from Chatom to Houma, a trip which took approximately 4⅞ hours. She had stopped only once, to buy gas and a soft drink. When she arrived at Blanchard’s home, she got out of her van and began to walk fast. She was in a “big hurry” because of the urgent need to urinate. She fell while attempting to step over the gate. Both Tros-clair and Blanchard testified they did not know why Trosclair fell.
Plaintiffs alleged in their petition that Trosclair fell because a door mat slipped from under her. On appeal, plaintiffs do not contest the trial court’s finding that “[tjhere was some testimony about the existence of a mat but there was no clear showing of evidence of the placement of the mat prior to the accident or its connection in any way to the accident.” They contend, however, that the trial court was clearly wrong in finding the gate was not unreasonably dangerous. Plaintiffs further contend that Blanchard was at fault for not isolating the dogs in another area of the house and removing the gate before Trosclair’s arrival and that Trosclair’s fault should be reduced from 100% to 50% because her “dire need of the rest room facility” was an extenuating circumstance which required her to proceed in haste without proper thought.
The trial court’s finding that the gate was not unreasonably dangerous in normal use is amply supported by the record. Plaintiffs’ safety expert, Dennis R. Howard, testified the gate presents a tripping hazard only if someone tries to cross the doorway with the gate in place. He admitted Trosclair could have simply unlatched the gate and walked through the doorway. Mitchell Wood, defendant’s expert, testified, however, that the gate was not a hazard if a person went over it carefully. He characterized it as only an obstacle. He also said there was *739 no reason Trosclair could not have unlatched the gate and that it is not unreasonably dangerous in normal use. We find no manifest error in the trial court’s holding on this issue. Stobart v. State, 617 So.2d 880 (La. 1993).
The issue of Blanchard’s failure to remove the gate before Trosclair’s arrival was not raised at trial, and thus there is no evidence to support such an argument on appeal. There is likewise no merit to the argument that Troselair’s urgent need to urinate somehow relieved her of the duty to exercise care for her own safety.
For the foregoing reasons, the judgment of the trial court is affirmed at plaintiffs’ costs.
AFFIRMED.